UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JOSEPH P. CARSON,                       )
                                        )
            Petitioner,                 )
                                        )
      v.                                )       Civil Action No. 05-0537 (PLF)
                                        )
UNITED STATES OFFICE OF                 )
    SPECIAL COUNSEL,                     )
                                        )
            Respondent.                 )
_____)

MEMORANDUM OPINION

This matter is before the Court following a remand from the court of appeals for

"consideration of [petitioner's] claims concerning Case MA-05-280 asserted in the motion to

supplement the relief requested filed on June 21, 2005[,]" ("Mot. Supp."), as a result of the Court

and the Magistrate Judge's inadvertent failure to address it in the earlier decisions. See Order,

No. 06-5264 (D.C. Cir. November 28, 2007).[1]  In the same Order, the court of appeals summarily

affirmed this Court's October 30, 2006 decision in all other respects, which approved and

adopted the Report and Recommendation of Magistrate Judge Deborah A. Robinson, and

dismissed the other claims presented in this case by petitioner against the United States Office of

Special Counsel ("OSC").  See id. (affirming Carson v. U.S. Office of Special Counsel, Civil

Action No. 05-0537, 2006 WL 5085253 (D.D.C. Oct. 30, 2006)).  Now pending before the Court

_____

[1]      The claim at issue in the June 21, 2005 motion to supplement involves Case MA-
05-820.  See Mot. Supp. at 1.

are respondent's motion to dismiss and petitioner's cross motion to issue a writ of mandamus.[2]

As the Court has noted in several earlier cases brought by this petitioner, mandamus is a drastic remedy.  Although the Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, the All Writs Act allows the Court to order a remedy only where subject matter jurisdiction already exists.  See 28 U.S.C. § 1651(a) (providing that the "Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions . . ."); see also Telecommunications Research and Action Center v. F.C.C., 750 F.2d 70, 76 (D.C. Cir. 1984) ("[I]t is firmly established that [Section] 1651 does not expand the jurisdiction of a court.").

In addition, the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 94-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the United States Code), which governs non-constitutional claims brought by federal employees against the United States government or its agencies, does not provide for subject matter jurisdiction in the United States district courts for review of OSC decisions made pursuant to its authority under the statute.  See Fornaro v. James, 416 F.3d 63, 67 (D.C. Cir. 2005) (CSRA is comprehensive and exclusive remedial scheme); Carducci v. Regan, 714 F.2d 171, 174 (D.C. Cir. 1983) (CSRA is "exhaustive

---

[2]     The papers submitted to the Court in connection with these pending motions include: Respondent's Motion to Dismiss ("Resp. Mot. Dism."); Petitioner's Opposition to Respondent's Motion to Dismiss Petition for Writ and Cross Motion to Issue Writ of Mandamus ("Pet. Mot. Writ"); Respondent's Reply in Support of Dismissal and Response to Petitioner's Motion in Support of Mandamus ("Resp. Reply"); and Petitioner's Reply to Respondent's Opposition to Petitioner's Cross Motion for Mandamus ("Pet. Reply").

remedial scheme" that clearly evidences congressional intent not to permit alternative or preexisting remedies); <u>Borrel v. U.S. Int'l Communications Agency</u>, 682 F.2d 981, 988 (D.C. Cir. 1982) ("[W]e are unable to conclude from the [CSRA] that Congress intended to provide an independent judicial remedy to employees."). Nor does the CSRA provide for jurisdiction over appeals of decisions rendered by the Merit Systems Protection Board ("MSPB") in this Court; only the United States Court of Appeals for the Federal Circuit may hear such petitions. <u>See</u> 5 U.S.C. §§ 1215(a)(4) and 1221(h)(2), incorporating 5 U.S.C. §7703(b)(1); <u>see also</u> <u>United States v. Fausto</u>, 484 U.S. 439, 449 (1988).

The United States Court of Appeals for the District of Columbia Circuit nevertheless has concluded that a United States District Court does have subject matter jurisdiction to issue a writ of mandamus if it determines that OSC violated a non-discretionary statutory duty to investigate an employee's allegations. <u>See</u> <u>Weber v. United States</u>, 209 F.3d 756, 759 (D.C. Cir. 2000). The court reasoned that because the Federal Circuit reviews only MSPB decisions and not OSC actions or decisions, depriving the district courts of mandamus jurisdiction over claims that OSC has failed to perform a statutory duty would foreclose all relief for such a failure. <u>See</u> <u>id</u>.

As noted above, the remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 34 (1980). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." <u>In re Medicare Reimbursement Litigation</u>, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting <u>Power v. Barnhart</u>, 292 F.3d 781, 784 (D.C. Cir. 2002)); <u>see also</u> <u>Banks v. Office of Senate Sergeant-At-Arms and</u>

3

<u>Doorkeeper of the United States Senate</u>, 471 F.3d 1341, 1350 (D.C. Cir. 2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment).  The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.'"  <u>Power v. Barnhart</u>, 292 F.3d at 784 (quoting <u>Northern States Power Co. v. U.S. Dep't of Energy</u>, 128 F.3d 754, 758 (D.C. Cir. 1997)).  Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy.  <u>See</u>, <u>e.g.</u>, <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984); <u>Weber v. United States</u>, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

The Court previously has described the relevant statutory framework, <u>see</u>, <u>e.g.</u>, <u>Carson v. U.S. Office of Special Counsel</u>, 514 F. Supp. 2d 54 (D.D.C. 2007), but will repeat relevant portions here.  Under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 1201 <u>et seq.</u>, an agency is prohibited from taking any personnel action in reprisal for the disclosure of information by an applicant that the applicant reasonably believes evidences violation of any law, rule, or regulation by another agency employee.  <u>See</u> 5 U.S.C. §§ 1221(a), 2302(b)(8)(A)(i); <u>see also</u> <u>Stella v. Mineta</u>, 284 F.3d 135, 142 (D.C. Cir. 2002); <u>Weber v. United States</u>, 209 F.3d at 757-58.[3]  When an agency takes such an action, it is considered to be a

_____

[3]    In Section 1213, the Act sets out a separate set of procedures for investigating the underlying allegations of agency wrongdoing (known as whistleblower disclosures) under 5 U.S.C. § 2302(b)(8), which evidence a "(i) violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority or a substantial and specific danger to public health and safety."  5 U.S.C. § 2302 (b)(8)(A); <u>see</u> 5 U.S.C. § 1213(a).  If OSC finds a "substantial likelihood" that the information constitutes a whistleblower disclosure, OSC transmits the information to the head of the involved agency.  <u>See</u> 5 U.S.C. § 1213(b).  The

prohibited personnel practice ("PPP").

An employee who believes he or she has been the victim of a PPP must first complain to the OSC, which "shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred." 5 U.S.C. § 1214(a); see also Weber v. United States, 209 F.3d at 758. The initial investigation is conducted by OSC's Complaints Examining Unit ("CEU"). See 5 C.F.R. § 1800.1(c)(4); PETER B. BROIDA, A GUIDE TO MERIT SYSTEMS PROTECTION BOARD LAW & PRACTICE, Ch. 13 § IV.B.1 (2004). If CEU determines that further investigation is needed, the complaint is referred to one of the agency's Investigation and Prosecution Divisions ("IPDs") for further investigation. See id. (describing the organizational structure of OSC). If OSC "determines that there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken which requires corrective action," it "shall report the determination together with any findings or recommendations to the Board, the agency involved and to the Office of Personnel Management, and may report such determination, findings and recommendations to the President." 5 U.S.C. § 1214(b)(2)(B). OSC also may recommend to the agency involved that it take specific corrective actions. See 5 U.S.C. § 1214(b)(2)(B). If the agency refuses or fails to take action, OSC may petition the Merit Systems Protection Board ("MSPB") to order the appropriate corrective action. See 5 U.S.C. § 1214(b)(2)(C).

---

agency must conduct an investigation and submit a written report of its findings to OSC. See id. If OSC does not find a substantial likelihood that the information constitutes a whistleblower disclosure, it must inform the submitting individual of "the reasons why the disclosure may not be further acted on[.]" 5 U.S.C. § 1213(g)(3)(A).

If, on the other hand, after investigation OSC finds no reasonable ground to believe that a PPP has occurred, it sends a written status report ("pre-determination letter") to the complainant informing him of the proposed findings and legal conclusions.  See 5 U.S.C. § 1214(a)(1)(D).  OSC must provide this pre-determination letter at least ten days before terminating an investigation.  See id.  If OSC's investigation does not uncover support for the complaint, the employee still may seek corrective action from an alleged PPP before the MSPB. See 5 U.S.C. §§ 1214(a)(3), 1221.  But "an employee alleging a [PPP] must give the OSC a chance to investigate before going to the MSPB."  Weber v. United States, 209 F.3d at 759.  Any decision of the MSPB is appealable to the United States Court of Appeals for the Federal Circuit. See 5 U.S.C. § 7703.

In this case, the "relief sought" by petitioner in the June 21, 2005 motion to supplement is:

> That the Court order OSC to reopen OSC file no. MA-05-0820, and make a determination, based on the evidence petitioner provided OSC about the defamation he suffered, in violation of specific agency rule.  This defamation is related to the agency's non-compliance with an MSPB-enforceable 1994 settlement agreement and/or petitioners [*sic*] other protected disclosures and activities, per 5 USC 1214(e).  The relief requested is largely ministerial in nature.

Mot. Supp. at 1-2.  Although the parties have briefed a wide array of topics, there is only a narrow issue before the Court: whether or not the petitioner is entitled to have this Court issue a writ of mandamus to the Office of Special Counsel ordering it to reopen OSC file number MA-05-0820 in order to make a determination under 5 U.S.C. § 1214(e) with respect to petitioner's allegation of defamation.

The factual background, as respondent explains, is as follows:

>OSC opened MA-05-0820 in January 2005, in response to a
>complaint filed by petitioner alleging that his employer, the
>Department of Energy ("DOE"), failed to comply with an order
>from the Merit Systems Protection Board ("MSPB"), a possible
>prohibited personnel practice under title 5.  On January 21, 2005,
>OSC notified petitioner that it was opening a case based on
>petitioner's allegation that DOE knowingly and willfully failed to
>comply with the MSPB order.  On April 11, 2005, Petitioner
>requested, in conjunction with MA-05-0820, that OSC make a
>referral under 5 U.S.C. § 1214(e) based on a second allegation (*i.e.,*
>that he had been defamed by DOE employees/officials).  OSC
>closed MA-05-0820 on June 14, 2005, concluding that petitioner
>had previously raised DOE's noncompliance with an MSPB order
>in MA-03-1288, and *stating that a referral of his defamation
>allegations to DOE under 5 U.S.C. § 1214(e) had not been
>required because the Special Counsel had made no determination
>that DOE violated Tennessee common law regarding slander and
>defamation.*

Resp. Mot. Dism. at 3 (emphasis added).  Petitioner clarifies that he was not asserting a violation

of the common law of slander and defamation, but rather a violation of DOE Order 3750.1.  See

Pet. Mot. Writ at 1.

Petitioner requests relief because, in his view, respondent failed to comply with 5

U.S.C. § 1214(e) with respect to his allegation of defamation.  That subsection provides, in

relevant part:

>If, in connection with any investigation under this subchapter, the
>Special Counsel determines that there is reasonable cause to
>believe that any violation of any law, rule, or regulation has
>occurred other than one referred to in subsection (b) or (d), the
>Special Counsel shall report such violation to the head of the
>agency involved.

5 U.S.C. § 1214(e).  As explained above, subsection (b) related to investigations of prohibited

personnel practices.  Subsection (d) relates to criminal violations.  Under Section 1214(e), then,

if "in connection with any investigation under this subchapter, the Special Counsel determines

that there is reasonable cause to believe that any violation of any law, rule, or regulation has

occurred other than [a PPP or a criminal violation], the Special Counsel shall report such

violation to the head of the agency involved." Id.

The Court will grant respondent's motion to dismiss.  Under the plain language of

Section 1214(a), the Office of Special Counsel "shall investigate the allegation to the extent

necessary to determine whether there are reasonable grounds to believe that a prohibited

personnel practice has occurred." 5 U.S.C. § 1214(a).  That is, OSC must investigate allegations

of prohibited personnel practices.  If during such an investigation the Office of Special Counsel

"determines that there are reasonable grounds to believe that a prohibited personnel practice has

occurred, exists, or is to be taken which requires corrective action," it must take certain actions

under subsection (b). 5 U.S.C. § 1214(b)(2)(B).  If during such an investigation into an alleged

PPP the Office of Special Counsel determines "that there is reasonable cause to believe that a

criminal violation has occurred," it must take certain actions under subsection (d). 5 U.S.C.

§ 1214(d).  If during such an investigation into an alleged PPP the Office of Special Counsel

"determines that there is reasonable cause to believe that any [other] violation of any law, rule, or

regulation has occurred," it "shall report such violation to the head of the agency involved." 5

U.S.C. § 1214(e).  It is this subsection that petitioner invokes.

The gap in petitioner's argument is this: it is true that the statute provides that

OSC must report its determination that there is reasonable cause to believe that an "other"

violation has occurred to the agency head.  This requirement, however, is triggered only if OSC

makes such a determination in the course of its investigation into an alleged PPP under

8

subsection 1214(a).  In this case, OSC closed MA-05-0820 because it concluded that petitioner

had previously raised DOE's noncompliance with the MSPB order in his complaint MA-03-

1288.  Accordingly, there was no requirement that OSC conduct a new investigation into an

alleged PPP under 5 U.S.C. § 1214(a).  Without such an investigation, OSC had no obligations

under subsection 1214(e).  Put another way, the language of subsection 1214(e) does not give

OSC the obligation – or even the ability – to conduct free-ranging investigations into any and all

alleged violations; it merely provides that such violations as OSC finds in the course of its

mandated PPP investigations should be shared with the appropriate agencies.  OSC need not

independently investigate every allegation of a violation of every law, rule or regulation that can

be found.  It need only report those violations if they are discovered during its mandated

investigation of an alleged PPP.  Here there was no investigation required because OSC already

had conducted and closed such an investigation (MA-03-1288) and was not required to conduct

another one into the same allegation.

To repeat, mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." In re Medicare Reimbursement Litigation, 414 F.3d at 10 (internal quotations and citation omitted).  In this case, petitioner has no clear right to relief and respondent had no clear duty to investigate the allegation of defamation.  Accordingly, petitioner's petition for a writ of mandamus will be dismissed.  An Order consistent with this Memorandum Opinion will be issued this same day.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 7, 2008